

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
August 21, 2023 12:00 PM
      PAVAN PARIKH
    Clerk of Courts
  Hamilton County, Ohio
  CONFIRMATION 1359931
```

**RITA ZAPATA**   **A 2303526**

**vs.**

**TRAVCO INSURANCE COMPANY**

**FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND**

**PAGES FILED: 8**

EFR200

**IN THE COURT OF COMMON PLEAS**
**CIVIL DIVISION**
**HAMILTON COUNTY, OHIO**

| | |
|---|---|
| **RITA ZAPATA**<br>**1202 OLDWICK DRIVE**<br>**CINCINNATI, OHIO 45215**<br><br>    **Plaintiff,**<br><br>**-vs.-**<br><br>**TRAVCO INSURANCE COMPANY**<br>**C/O ALAN D. SCHNITZER,**<br>**CHAIRMAN AND CEO**<br>**ONE TOWER SQUARE**<br>**HARTFORD, CONNECTICUT 06183**<br><br>Also Serve Statutory Agent:<br>**CORPORATION SERVICE COMPANY**<br>**3366 RIVERSIDE DRIVE, STE 103**<br>**UPPER ARLINGTON, OH 43221**<br><br>    **Defendant.** | Case No: _____<br><br><br><br>**COMPLAINT WITH**<br>**JURY DEMAND**<br>**ENDORSED HEREON** |

**NOW COMES Plaintiff, Rita Zapata,** by and through undersigned counsel, and states her Complaint against the named Defendant, as follows:

### I. The Parties

    **1.** Plaintiff, Rita Zapata, resides at 1202 Oldwick Drive, in Cincinnati, Hamilton County, Ohio 45215 ["the subject property"] and has so resided at relevant times herein.

    **2.** Plaintiff had insured the subject property through Defendant, Travco Insurance Company [Hereinafter "Travco" or "Defendant"].

Page 1 of 8

**3.** This case arises, *inter alia*, from the negligent and/or willful failure of the Defendant to fully, adequately and timely indemnify the Plaintiff for her covered losses, which occurred on or about June 11, 2023.

**4.** Defendant is a Connecticut-based property and casualty insurance company, which issued a homeowner's insurance policy to the Plaintiff which was in full force and effect at the time of the subject property losses. Defendant conducts substantial business within Hamilton County, Ohio. Pursuant to Civil Rule 10(D)(1), a copy of the policy is not attached because it is in the possession, custody or control of the Defendant.

## II. Jurisdiction and Venue

**5.** Jurisdiction is properly invoked in the Hamilton County Court of Common Pleas, as this Court has jurisdiction over actions for breach of insurance policy contract, and for bad faith, arising from a covered loss and/or losses and for remediation and restoration services, in which the subject property is located in Hamilton County, Ohio.

**6.** Venue is proper in Hamilton County, Ohio, as the subject property is in said county, the material events of the subject property loss occurred in said county and the Defendant conducts substantial business in Hamilton County, Ohio.

## III. Statement of Facts

**7.** The subject property, located at 1202 Oldwick Drive, in Cincinnati, Hamilton County, Ohio 45215, was (and still is) owned by the Plaintiff and Jhonny Delgado Gonsembach as their primary residence.

**8.** On or about June 11, 2023, there was a windstorm which caused substantial damage to, *inter alia*, the roof of the subject property.

**9.** Plaintiff promptly notified Defendant of the occurrence on or about June 11, 2023, and has satisfied all conditions precedent to pursue a bona fide and valid property loss claim under the subject Travco insurance policy, which was in full force and effect, on the date of the subject loss.

**10.** Plaintiff duly reported the loss and/or losses and fully cooperated with the Defendant following the subject windstorm and/or losses. Defendant failed to conduct a reasonable investigation of the loss and/or losses.

**11.** As a result of the subject covered loss, there was substantial damage and/or destruction to the structure and/or the interior and/or contents and/or loss of use and/or additional damages at the subject property.

**12.** Defendant wrongfully denied the claim and/or certain portions of the claim and/or processed the claim in bad faith, made an inadequate, partial payment for the loss and/or otherwise engaged in wrongful acts and omissions in failing to indemnify the Plaintiff for a covered loss.

**13.** Plaintiff placed reasonable reliance in the Defendant that said Defendant would act in good faith, engage in fair dealing, adjust the claims in good faith and indemnify the Plaintiff promptly for her property losses, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT I: BREACH OF CONTRACT

**14.** Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Thirteen (1-13), with the same force and effect, as though fully rewritten herein.

**15.** Plaintiff placed reasonable and justifiable reliance upon the Defendant to perform the reasonable and necessary services to adjust the windstorm losses and to adequately indemnify the Plaintiff for the subject losses.

**16.** Defendant owed a duty of good faith and fair dealing to the Plaintiff in carrying out its duties under the subject insurance policy.

**17.** Defendant breached its duty of good faith and fair dealing, by, *inter alia,* engaging in the following acts or omissions:

**(a)** failing to promptly and reasonably adjust and pay the Plaintiff's claims;

**(b)** failing to establish a reasonable justification for the denial of the Plaintiff's claims;

**(c)** taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the Plaintiff's claims;

**(d)** failing to properly inspect the site of the loss and to adequately and properly investigate the claims with the wrongful intent to deny the Plaintiff's claims from their inception;

**(e)** failing to properly analyze the cause of the losses and/or the applicable coverage;

**(f)** failing to properly review the analysis contained in any reports related to the losses in its possession;

**(g)** failing to properly review the available evidence related to the losses;

**(h)** failing to perform a good faith analysis of the losses;

**(i)** failing to prepare a good faith estimate of damages caused by the losses;

**(j)** refusing Plaintiff's reasonable requests for information;

**(k)** failing to indemnify the Plaintiff for her losses and damages within a reasonable period of time;

**(l)** failing to properly train, supervise and/or instruct its adjusters and/or agents;

**(m)** failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

**(n)** failing to timely provide sufficient funds for the repairs and replacement of the subject property;

**(o)** failing to pay sufficient living expenses and/or loss of use expenses incurred by the Plaintiff, in accordance with the governing policy of insurance;

**(p)** failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance;

**(q)** acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

**(r)** engaging in other wrongful acts or omissions to be shown at trial on the merits.

**18.** As a direct and proximate result of the above-referenced material breaches of the insurance contract by the Defendant, Plaintiff has sustained losses and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**19.** To the extent the conduct of the Defendant is shown to be willful, wanton, fraudulent, oppressive and/or done in conscious disregard for the property interests of the Plaintiff, then the Plaintiff is entitled to an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT II: BAD FAITH

**20.** Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Nineteen (1-19), with the same force and effect, as though fully rewritten herein.

**21.** As an insurer, Defendant and its management and personnel, have the obligation to act in good faith in addressing coverage decisions, including, but not limited to, acting in good faith in the processing and adjustment of claims, upon the occurrence of a covered event.

**22.** Defendant's wrongful failure to promptly and reasonably adjust the subject loss claims, as alleged herein, constitutes a series of arbitrary and capricious acts, without a reasonable factual basis and/or legal justification, thereby constituting multiple acts of bad faith towards the insured homeowner, the Plaintiff.

**23.** As a direct and proximate result of Defendant's bad faith conduct, Plaintiff has been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**24.** The conduct of the Defendant have been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff is entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## **RELIEF REQUESTED**

**WHEREFORE, Plaintiff, Rita Zapata,** by and through counsel, demands the following relief:

**A.** Judgment against Defendant, **Travco Insurance Company**, for the full value of the losses and damages sustained by the Plaintiff, as alleged herein, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**B.** Judgment against Defendant, **Travco Insurance Company**, for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**C.** An award of reasonable attorney's fees and costs incurred in the prosecution of this action;

**D.** An award of pre-judgment interest; and

**E.** Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

*/s/ Eashan Menon, Esq.*
Eashan Menon, Esq. [103042]
Trial Attorney for Plaintiff Rita Zapata
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 127
(513) 721-5557 (FAX)
E-mail: emenon@maislinlaw.com

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Ohio Rules of Civil Procedure.

*/s/ Eashan Menon, Esq.*
Eashan Menon, Esq. [103042]
Trial Attorney for Plaintiff Rita Zapata
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 127
(513) 721-5557 (FAX)
E-mail: emenon@maislinlaw.com

## INSTRUCTIONS TO THE CLERK

        Please issue Summons and serve the Summons and Complaint upon the named Defendant at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested. Should service be returned as **"UNCLAIMED,"** then please re-issue service to that Defendant, via regular U.S. mail service, postage prepaid.

        */s/ Eashan Menon, Esq.*_____
Eashan Menon, Esq. [103042]
Trial Attorney for Plaintiff Rita Zapata