## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| RITA ZAPATA, | : | |
| *Plaintiff,* | : | Case No. 1:23-cv-595 |
| v. | : | Judge Jeffery P. Hopkins |
| TRAVCO INSURANCE COMPANY, | : | |
| *Defendant.* | : | |

## ORDER

This matter comes before the Court on Defendant Travco Insurance Company's Motion to Stay and Bifurcate Plaintiff's 'Bad Faith' Claim and Punitive Damages Claim (Doc. 12) (the "Motion"). In this action, Plaintiff Rita Zapata brings claims for Breach of Contract and Bad Faith relating to denial of coverage under a homeowner's insurance policy. *See* Compl., Doc. 4. In addition to other relief requested, Plaintiff seeks an award of punitive damages. *Id.* at PageID 31. Defendant seeks to bifurcate Plaintiff's bad faith claim and request for punitive damages from her breach of contract claim. Doc. 12. Defendant further requests a stay of discovery pertaining to the bad faith claim and punitive damages. *Id.* Plaintiff has stipulated to the requested bifurcation and stay. Doc. 13.

As a preliminary matter, the Court must address Defendant's assertion that Ohio Revised Code § 2315.21(B) mandates the bifurcation of a punitive damage claim from questions of liability and compensatory damages. Doc. 12, PageID 123. "Under the *Erie* doctrine, a federal court sitting in diversity applies 'the substantive law of the forum state and federal procedural law.'" *Bonasera v. New River Elec. Corp.*, 518 F. Supp. 3d 1136, 1151 (S.D.

Ohio 2021) (quoting *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009); *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Bifurcation is a procedural matter governed by Federal Rule of Civil Procedure 42(b). *Bonsara*, 518 F. Supp. at 1151–52. (collecting cases).

Under the applicable rule, the Court may bifurcate one or more claims "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Applying this standard in the absence of opposition from the Plaintiff, the Court finds that the interest of judicial economy and efficiency favor bifurcation, especially given the likelihood that discovery relevant to the bad faith claim and punitive damages will be extensive and impact Defendant's ability to defend the breach of contract claim, and the possibility that a verdict in Defendant's favor on the issue of coverage would render the bad faith claim and request for punitive damages moot.

For these reasons, the Motion (Doc. 12) is **GRANTED.** Plaintiff's bad faith claim and request for punitive damages are hereby **BIFURCATED** from Plaintiff's breach of contract claim, and discovery on Plaintiff's bad faith claim and request for punitive damages is **STAYED** until the breach of contract claim is adjudicated or otherwise resolved.

**IT IS SO ORDERED.**

April 10, 2024

Jeffery P. Hopkins
United States District Judge