UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RITA ZAPATA, *Plaintiff*, v. TRAVCO INSURANCE COMPANY, *Defendant*. | Case No. 1:23-cv-00595-JPH<br><br>Judge Jeffery P. Hopkins |

**OPINION AND ORDER**

"There is no such thing as just enough money. Only two measures: No Money and Not Enough Money." John Steinbeck, *The Winter of Our Discontent* (1961). While this observation may ring true among the elites of Long Island's aristocracy in Steinbeck's novel, among federal courts assessing whether a case satisfies the amount in controversy requirement for diversity jurisdiction, 28 U.S.C. § 1332(a), there is indeed such a thing as "just enough money." But here, in a case involving the denial of a homeowner's insurance policy which was allegedly in full force and effect during the triggering event, there is simply "not enough money" for the parties to proceed with their claims in federal court on diversity jurisdiction grounds.

### I. BACKGROUND

Plaintiff Rita Zapata ("Zapata" or "Plaintiff") is a resident of Hamilton County, Ohio. Doc. 4, PageID 26. Defendant Travco Insurance Company ("Travco" or "Defendant") is a Connecticut-based property and casualty insurance company that issued a homeowner's insurance policy to Zapata. *Id.* at PageID 27. On or about June 11, 2023, while Plaintiff's

policy with Defendant was allegedly still in full force and effect, a windstorm occurred that "caused substantial damage to . . . the roof of [Plaintiff's] property." Doc. 4, PageID 27. Plaintiff promptly proceeded to notify Defendant Travco of the "substantial damage" to her property as a result of the windstorm and began to pursue a property loss claim under her Travco insurance policy shortly thereafter. *Id*. at PageID 28. As the Complaint alleges, however, "Defendant failed to conduct a reasonable investigation of the loss" and "wrongfully denied [Plaintiff's] claim, . . . processed the claim in bad faith, made an inadequate, partial payment for the loss," and generally failed "to indemnify [Plaintiff] for a covered loss." *Id*.

On or about August 21, 2023, Plaintiff filed an action asserting claims for breach of contract and bad faith in the Hamilton County, Ohio, Court of Common Pleas. Doc. 1-1, PageID 7–13. Then, on September 21, 2023, Defendant removed the case to federal court based upon diversity jurisdiction. Doc. 1. Defendant's Notice of Removal asserted that "complete diversity exists between plaintiff Rita Zapata and Defendant Travco" and that the "amount in controversy requirement necessary for this Court's exercise of jurisdiction is met." *Id.* at PageID 2. The Court conducted an end of discovery conference on January 8, 2025. At that conference, the parties indicated that the amount in controversy in the instant case does not, in fact, exceed $75,000. This matter is now before the Court concerning whether the requirements for diversity jurisdiction are met and whether this Court has jurisdiction over the present dispute.

## II. LAW AND ANALYSIS

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . . , which is not to be expanded

by judicial decree[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). Thus, this Court has a duty to review *sua sponte* whether subject-matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A case may be remanded at any time prior to final judgment if the federal court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c).

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Where, as here, a party has removed an action to federal court, the Court places the burden on the removing party "to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res.*, 266 F.3d 560, 572 (6th Cir. 2001). "This standard 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement.'" *Id.* (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). But the removing party "'must do more than show a mere possibility that the jurisdiction amount is satisfied.'" *CLE Trans., LLC v. Total Trans. Network, LLC*, No. 3:21-cv-2014, 2021 WL 5919935 at *2 (N.D. Ohio Dec. 15, 2021) (quoting *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006)).

Here, Travco removed this case from state court based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Doc. 1. While complete diversity appears to exist between

the parties, the parties' recent indication during the end of discovery conference that the amount in controversy is well below the statutory requirement annuls this Court's power to continue to hear the instant case. As such, the Court finds that federal subject matter jurisdiction does not exist here. The Court hereby **REMANDS** this case to the Hamilton County Court of Common Pleas due to lack of federal subject matter jurisdiction.

### III. CONCLUSION

Accordingly, pursuant to 28 U.S.C. § 1447(c), this matter is **REMANDED** to the Hamilton County Court of Common Pleas for lack of federal subject matter jurisdiction. The Court **DIRECTS** the Clerk to **TERMINATE** this case from the docket.

**IT IS SO ORDERED.**

January 16, 2025

Jeffery P. Hopkins
United States District Judge